IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:16-CV-00081-D

| | |
|---|---|
| TYLER BROSIUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| ABBOTT BUS LINES, INC. d/b/a ABBOTT | ) |
| TRAILWAYS, TRAILWAYS | ) |
| TRANSPORTATION SYSTEM, INC. d/b/a | ) |
| TRAILWAYS and JANICE COFFMAN, | ) |
| | ) |
| Defendants. | ) |

## AGREED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION

So that Plaintiff Tyler Brosius and Defendant Janice Coffman (sometimes referred to herein as "Defendant Coffman" or "Mrs. Coffman"), Defendant Abbott Bus Lines, Inc. (a Virginia corporation) (sometimes herein referred to as "Abbott"), and Defendant Trailways Transportation System, Inc. (sometimes herein referred to as "Trailways") may exchange information and documents which may contain trade secrets, proprietary information, information protected by privacy laws or other confidential information;

IT IS HEREBY ORDERED that the following provisions shall govern disclosure and use by the Authorized Parties, as defined herein, of all documents, testimony and other information designated "Confidential" which is produced or given by any person, including non-party witnesses, in the course of discovery procedures in this action.

1. **Definitions**

The following definitions shall apply to this Protective Order:

(a) The "Litigation" shall refer to the above-captioned matter and to all actions now or later consolidated under the above-referenced caption, and any appeal from the above-captioned matter, and from any other action consolidated at any time under the above-captioned matter, through final judgment.

(b) "Confidential Document" shall mean any document, material or thing which contains Confidential Information (as defined herein) and which any Producing Party (as defined herein) designated as "Confidential" at any time and in any manner set forth in any part of this Protective Order;

(c) "Confidential Information" shall mean any confidential research, development, competitive, proprietary or commercial information which may include financial information, information relating to ownership or control of any non-public company, and any information including, but not limited to, HIPPA protected medical records, protected from disclosure by any privacy or other law or government regulation, as well as any other type of information given confidential status by the Court.

(d) "Producing Party" shall mean any party to the Litigation or any other person or entity producing any document, materials or things in the Litigation; and

(e) The "Legend" as used herein shall mean a stamp or similar insignia stating "Confidential" or other appropriate term or terms connoting the confidentiality of the document, material or thing.

2581327

2

2. **Scope of Application**

This Protective Order shall govern disclosure and use by the undersigned parties of all documents, testimony and other information designated with the Legend which is produced or given by any person in the course of formal discovery procedures in the Litigation. This Protective Order shall not govern or restrict the disclosure or use of documents, materials or things obtained outside of discovery proceedings in the Litigation.

3. **Limitations on Use**

All documents, materials and things bearing the Legend and produced pursuant to formal discovery procedures in the Litigation may be used for purposes of discovery, motions, briefs, trial and preparation for trial in the Litigation only and for no other purpose. Confidential Documents bearing the Legend and any summaries, charts or notes made therefrom, and any facts or information contained therein or derived therefrom shall be disclosed only to the Court and following persons (collectively "'Authorized Parties"):

(a) Parties to the Litigation and the employees, officers, agents and directors of such parties who have a need to review the information in connection with the Litigation;

(b) Counsel for the parties hereto and their employees, paralegals or other secretarial and clerical employees;

(c) Independent contractors, experts, consultants or advisors who are employed or retained by, or consulted about retention on behalf of any of the parties or counsel for the parties hereto to assist in preparation of the Litigation; and

(d) Stenographic reporters who are involved in depositions, the trial or any hearings or proceedings before the Court in the Litigation.

Prior to disclosure to the persons identified in sub paragraph 3(c), such persons shall agree to protect the Confidential Information pursuant to the terms of this Protective Order and shall agree to be bound thereby by signing Exhibit "A" hereto.

Nothing in this order should be construed as preventing either counsel from contacting persons with knowledge of relevant facts to discuss their knowledge of relevant facts. This order restricts the disclosure and use of documents, testimony and other information designated pursuant to Paragraph 1(e).

4. **Court Filings That Include Protective Information**

In accordance with Local Rule 79.2 and Section T of the Court's CM/ECF Policy Manual (the "Policy Manual") regarding the filing of sealed material, if any party seeks to file any written material constituting or disclosing Confidential Information with the Court underseal as part of any pretrial motion or hearing, the following shall apply:

(a) Except for motions filed under seal in accordance with Section T(1)(a)7 of the Policy Manual, each time a party seeks to file under seal, said party shall accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute or rule (federal, local or standing order) that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies:

(i) the exact document or item, or portions thereof, for which filing under seal is requested;

(ii) how such request to seal overcomes the common law or the First Amendment presumption to access;

(iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;

(iv) the reasons why alternatives to sealing are inadequate; and

(v) whether there is consent to the motion.

(b) The motion to seal, any memorandum in support of the same, and any proposed order shall be prepared and filed in accordance with Section T of the Policy Manual and Local Rule 79.2, which are incorporated herein by reference.

5. **Duty to Advise of Protective Order**

Unless the Producing Party agrees otherwise, Confidential Documents and/or Confidential Information may be disclosed to an Authorized Party only after such person has been advised of the terms and operation of this Protective Order and has been provided a copy of this Protective Order and has signed Exhibit "A" attached hereto. Any person who receives a copy of this Protective Order and is provided with any material designated as "Confidential" has agreed to be bound by this Protective Order and to be subject to the jurisdiction of this Court for any proceeding related to the enforcement of this Protective Order.

6. **Designating Confidential Documents**

A Producing Party may designate as "Confidential" any document, material or thing or portion thereof which contains "Confidential Information" pursuant to this Protective Order by affixing the Legend as provided under paragraph 1(e) to any document containing, or which the Producing Party in good faith believes contains, Confidential Information. Any producing party may designate as "Confidential" previously produced documentation that was produced without the Legend as provided under paragraph 1(e).

7. **Identification of Confidential Information**

In the case of Confidential Information discussed during a deposition or hearing, the documents representing the Confidential Information will not be attached as an exhibit, but only referenced by identifying Bates numbering.

8. **Objections to Designation**

In the event that any party objects to the designation of any document as "Confidential," the objecting party shall send written notice of such objection to the designating party. The parties shall in good faith attempt to resolve the matter informally. If such attempts do not resolve the matter by agreement, then the designating party shall move the Court to confirm the "Confidential" designation within fourteen (14) court days from the date of service of the written objection. Failure to make such motion in a timely fashion shall constitute a waiver of the "Confidential" designation. Any opposition to such motion shall be filed within ten (10) Court days from the filing of such motion. Such disputed documents or discovery materials shall be deemed Confidential unless and until the Court rules otherwise. However, nothing in this Protective Order prevents a party who designated a document as Confidential from agreeing to remove the Confidential designation, and nothing in this Protective Order requires a party to object to a Confidential designation.

9. **Subpoena of Confidential Documents**

If at any time any document or information protected by this Protective Order is subpoenaed or is requested by any other person or entity purporting to have authority to require the production of such information, the party to whom the subpoena or other request is directed shall give sufficient written notice thereof to any Producing Party which has designated such

information "Confidential" in order to permit the Producing Party to seek an appropriate protective order or take any other action.

10.  **Protective Order Without Prejudice**

This Protective Order shall be without prejudice to the right of any Party (1) to bring before the Court at any time the question of whether any particular document or information is Confidential Information or whether its use should be restricted or (2) to seek agreement of the parties or present a motion to the Court under the Federal Rules of Civil Procedure for a separate protective order as to any particular documents or information, including restrictions differing from those specified herein. It is acknowledged that any party may seek a heightened level of protection designated "Confidential For Counsel Only" for documents or information in the future. This Protective Order shall not be deemed to prejudice any party in making a future application for modification or vacation of this Protective Order.

11.  **Continuation of Protection After Disposition**

The termination of proceedings in the Litigation shall not relieve the parties from the obligation of maintaining the confidentiality of all Confidential Documents and Confidential Information produced and designated pursuant to this Protective Order, unless the Court orders or permits otherwise. After the final disposition of the Litigation, the attorneys for the non-Producing Party shall either (1) return promptly to the Producing Party all documents produced by that Party, and all copies made thereof or (2) destroy all such documents and copies and provide a certification of the steps taken to that effect. Any corporate entity that is in possession of Confidential Documents and Confidential Information may destroy all such documents pursuant to its Document Management Policy. This Section 11 shall be construed to require the return or destruction of any documents or exhibits filed with the Court and deposition transcripts and

2581327                                                                7

Case 7:16-cv-00081-D   Document 27   Filed 11/02/16   Page 7 of 10

exhibits, containing Confidential Information. Any Confidential Documents or Confidential Information, or portion or excerpts thereof, which are not destroyed or returned pursuant to this section, shall remain subject to the terms of this Protective Order.

Nothing in this Protective Order shall prevent any party, or non-party, from objecting to discovery which it believes to be otherwise improper.

This  2  day of November, 2016.

                                                Robert B. Jones, Jr.

**APPROVED:**                           United States Magistrate Judge

BAILLY AND MCMILLAN LLP

By: /s/ Katherine G. Hall
     Katherine G. Hall (#4020574)
     khall@bandmlaw.com
     244 Westchester Avenue, Suite 410
     White Plains, New York, 10604
     Tel: 914-684-9100
     Fax: 914-684-9108
     Counsel for Plaintiff


THOMAS K. LINDGREN, PLLC

By: /s/ Thomas K. Lindgren
     Thomas K. Lindgren (#35949)
     tlindgren@lindgrenlegal.com
     3400 Croasdaile Drive, Suite 304
     Durham, North Carolina 27705
     Tel: 919-609-1773
     Fax: 919-761-8340
     Counsel for Plaintiff

JORDAN PRICE WALL GRAY JONES & CARLTON

By: /s/ Joseph E. Wall
    Joseph E. Wall (#4533)
    jwall@jordanprice.com
    P.O. Box 10669
    Raleigh, NC 27605
    Tel: 919-828-2501
    Fax: 919-834-8447
    Counsel for Defendants


JORDAN PRICE WALL GRAY JONES & CARLTON

By: /s/ Lori P. Jones
    Lori P. Jones (#32872)
    Ljones @jordanprice.com
    P.O. Box 10669
    Raleigh, NC 27605
    Tel: 919-828-2501
    Fax: 919-834-8447
    Counsel for Defendants


SHEEHY WARE & PAPPAS, P.C.

By: /s/ Raymond A. Neuer
    Raymond A. Neuer (#14928350)
    rneuer@sheehyware.com
    909 Fannin Street, Suite 2500
    Houston, TX 77010
    Tel: 713-951-1000
    Fax: 713-951-1199
    Counsel for Defendants

# EXHIBIT A

## ACKNOWLEDGEMENT

1. I have been retained by a party to this litigation or by a party's counsel of records to offer analysis or advice, either as an expert witness or consultant.

2. I have been furnished a copy of the Protective Order entered in this case restricting the use of Confidential Information.

3. I promise to abide by the Protective Order with respect to Confidential Documents and Confidential Information furnished to me in this litigation.

4. As a condition to receipt of Confidential Documents and Confidential Information in this litigation, I consent to personal jurisdiction over me in the United States District Court in and for the Eastern District of North Carolina, solely for the purpose of enforcing the Protective Order.

_____
Signature

_____
Printed Name

_____
Date